| UNITED STATES DISTRICT COURT | NOT FOR PUBLICATION |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

───────────────────────────────────X

RICHARD ISASI,

        Plaintiff,                       **MEMORANDUM AND ORDER**

    -against-

                                                     03-CV-2912 (ERK)

U.S. GOV., GOVERNOR, STATE POLICE NJ,
U.S. MARSHALS, N.Y.P.D., GOVERNOR NY,
JUDGE, D.A., LAWYER,

        Defendants.

───────────────────────────────────X

KORMAN, Ch.J.**:**

      Plaintiff filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on June 9, 2003, regarding his extradition from Mexico to New York in 1997. By order dated October 31, 2003, I dismissed plaintiff's § 1983 complaint for failure to state a claim on which relief may be granted, Isasi v. U.S. Gov., et al., No. 03-CV-2912 (ERK), slip op. at 4 (E.D.N.Y. Oct. 31, 2003), and the United States Court of Appeals for the Second Circuit affirmed the dismissal by mandate dated October 26, 2004. Isasi v. U.S. Gov., et al., No. 04-0629-PR (2d Cir. Oct. 26, 2004). On August 24, 2006, plaintiff filed a motion for reconsideration under Fed.R.Civ.P. 60(b) seeking reconsideration of the October 31, 2003 Order in which he reasserts arguments made in his original complaint. For the following reasons, plaintiff's motion is denied.

## DISCUSSION

    Rule 60(b) provides, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party ... from a final judgment [or order] for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ... ; (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released., or discharged ... or (6) any other

reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken.

Relief from a final judgment under Rule 60(b) is "extraordinary judicial relief." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). District Courts apply this rule strictly to "dissuade repetitive arguments on issues that have already been considered fully by the Court." Commercial Union Ins. Co. v. Blue Water Yacht Club Ass'n, 289 F.Supp.2d 337, 340 (E.D.N.Y. 2003) (quotation omitted). Therefore, a motion to reconsider should not be granted where a moving party seeks solely to relitigate an issue already decided. Shrader, 70 F.3d at 257; accord PAB Aviation, Inc. v. United States, No. 98-CV-5952, 2000 WL 1240196, at *1 (E.D.N.Y. Aug. 24, 2000); Hernandez v. United States, No. 99 Civ. 4303 (SAS), 2000 WL 744148, at *1 (S.D.N.Y. June 8, 2000) (denying Rule 60(b) motion where "[t]he vast bulk of movant's argument constitutes nothing more than a futile effort to have this Court revisit its Opinion").

Furthermore, the strict requirements of Rule 60(b) are applicable to pro se litigants. See Fetik v. New York Law School, No. 97 Civ. 7746 (DLC), 1999 WL 459805, at *3 (S.D.N.Y. June 29, 1999) (noting that a pro se plaintiff "is not excused from producing highly convincing evidence in support of her motion to vacate a final judgment") (internal quotations omitted). Moreover, "[t]hat a litigant is pro se, standing alone, is an insufficient basis for relief under Rule 60(b)." Colon v. LeFevre, No. 85-CV-313, 1989 WL 131324, at *2 (N.D.N.Y. Oct. 30, 1989) (citation omitted).

Plaintiff does not meet the standard for relief under Rule 60(b). Plaintiff's motion does not

present any new information. Plaintiff resubmits allegations and arguments previously made in his original complaint and therefore, his claims are still barred for the same reasons discussed in the Court's October 31, 2003 Order. In addition, even if plaintiff had raised valid grounds for reconsideration of the October 31, 2003 Order, his motion would be time-barred under Rule 60(b), as it was submitted almost three years after the Order's entry. See Fed.R.Civ.P.60(b) ("The motion shall be made within a reasonable time, and for reasons (1),(2), and (3) not more than one year after the judgment ... was entered or taken.").

## CONCLUSION

Accordingly, there is no basis for reconsideration of the October 31, 2003 Order, and plaintiff's motion is denied. Shrader, 70 F.3d at 257; see PAB Aviation, Inc. v. United States, 2000 WL 1240196, at *1 (denying plaintiff's motion for reconsideration because "it involve[d] only reformulations of arguments already considered and rejected"). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). SO ORDERED.

 S/ Edward R. Korman
Edward R. Korman
United States District Judge

Dated: October 25, 2006
      Brooklyn, New York