UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RICHARD ISASI,

                        Plaintiff,

-against-

U.S. GOVERNOR, et al.,

                        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION

**ORDER**

03 CV 2912 (ERK)

KORMAN, United States District Judge:

Plaintiff Richard Isasi, an inmate currently incarcerated at Southport Correctional Facility, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on June 9, 2003, regarding his extradition in 1997 from Mexico to New York. By order dated October 31, 2003 (the "1st October Order"), I dismissed plaintiff's § 1983 complaint for failure to state a claim on which relief may be granted, Isasi v. U.S. Governor, et al., No. 03-CV-2912 (ERK), slip op. at 4 (E.D.N.Y. Oct. 31, 2003), and the United States Court of Appeals for the Second Circuit affirmed the dismissal by mandate dated October 26, 2004. Isasi v. U.S. Governor, et al., Mandate, No. 04-0629-pr (2d Cir. Oct. 26, 2004).

## Background

Plaintiff has filed numerous frivolous motions since this case has been closed. For example, on August 24, 2006, plaintiff filed his first motion to reconsider the 1st October Order, which I denied by order dated October 25, 2006 (the "2nd October Order"), as plaintiff presented no basis for reconsideration. Isasi v. U.S. Governor, et al., No. 03-CV-2912 (ERK), slip op. at 3 (E.D.N.Y. Oct. 25, 2006). In April 2007, plaintiff filed a motion seeking reimbursement of the filing fees he has paid and reversal of the 2nd October Order, which I also denied. See Isasi v. U.S. Governor, et al., No. 03-CV-2912 (ERK), slip op. at 2 (E.D.N.Y. Apr. 30, 2007).

On May 31, 2007, plaintiff moved for an entry of default and a second request for reconsideration of the Court's order dismissing the case, which I denied. See Isasi v. U.S. Governor, et al., No. 03-CV-2912 (ERK), slip op. (E.D.N.Y. Jul. 5, 2007) (I also warned him that the further filing of similar requests shall result in an order barring plaintiff from filing any other papers under this docket number). Thereafter, in 2008 and 2009, plaintiff moved again for a default judgment, attorney's fees and a "determination under Rule 54." On June 29, 2009, the Court denied these motions and warned plaintiff again that he would be barred from filing further submissions under this docket number. See Isasi v. U.S. Governor, et al., No. 03-CV-2912 (ERK), slip op. (E.D.N.Y. June 29, 2009). Plaintiff has failed to heed the Court's warnings and now moves for the third time for reconsideration of the Court's order dismissing his case pursuant to Fed. R. Civ. P. 60(b).

## Rule 60(b)

"The standard for granting such a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (stating that Rule 60(b) motions request "extraordinary judicial relief" and are generally granted only in "exceptional circumstances"). Here, plaintiff has not shown that he is entitled to Rule 60(b) relief. Instead, plaintiff's motion is based on several state court decisions denying his motions for post-conviction relief and provides no basis for reconsideration. See Pl. Motion, Unmarked Exhibits. Finally, the motion – filed nearly ten years after the judgment was entered – is untimely. See Fed. R. Civ. P. 60(c)(1). Accordingly, plaintiff's motion filed under docket entries 81, 82 and 83 is hereby denied.

Conclusion

Accordingly, plaintiff's motion filed under docket entries 81, 82 and 83 is hereby denied. Because plaintiff has abused the Court's resources, no further submissions shall be accepted for filing under this docket number. The Clerk of Court is directed to return to plaintiff any new submissions under this docket number without filing, with the exception of a notice of appeal. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Edward R. Korman

EDWARD R. KORMAN, U.S.D.J.

Dated: December 17, 2012
Brooklyn, New York